Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Veronica E. McKnight, Esq. (SBN: 306562)
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys for Plaintiff on Signature Page]

Attorneys for Richard Quinones

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Quinones,<br><br>          Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC,<br><br>          Defendant. | Case No: 2:17-cv-03526-DDP-FFM<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENT VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br>2. **INTENTIONAL VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br>3. **NEGLIGENCE**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1.  The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 et seq. was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

2.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3.  Toward this end, Congress found that:

    > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

    > *Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.  Plaintiff Richard Quinones ("Plaintiff"), by Plaintiff's attorneys, bring this action to challenge the conduct of Ocwen Loan Servicing, LLC ("OLS") ("Ocwen" or "Defendant"), with regard to attempts by defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff.  Further,

Plaintiff bring this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in its negligent and/or willful violations of the TCPA.

6.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.    The statute of limitations is tolled due to the commencement of a class action based on same or similar allegations filed against Defendant on October 27, 2014 in the Northern District of Illinois, Case Number 1:14-cv-08461. *American Pipe & Construction Co v. State of Utah*, 414 U.S. 538.

8.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10.   Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

11.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1367 for supplemental state claims.

12.   This action arises out of Defendant' violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

13.   Because Defendant conduct business within the State of California, personal jurisdiction is established.

14.   Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant conducted business within the State of California and Plaintiff is located within this district.

**PARTIES**

15. Plaintiff is a natural person who resides in the City of Pomona, State of California.

16. Defendant Ocwen Loan Servicing, LLC has its principal place of business in the City of West Palm Beach, in the State of Florida.

17. Defendant OLS is, and at all times mentioned herein was, a limited liability company and a "person," as defined by 47 U.S.C. § 153 (39).

**FACTUAL ALLEGATIONS**

18. Plaintiff is alleged to have incurred certain financial obligations to Defendant related for a mortgage for Plaintiff's property.

19. Between April 4, 2011 through April 6, 2015, Defendant called Plaintiff on Plaintiff's cellular telephone number ending in 4433 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

20. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. When Plaintiff would answer the calls from Defendant, there would often be a silence, sometimes with a click or a beep-tone, before an Ocwen representative would pick up and start speaking.

22. Sometimes, Plaintiff would receive calls from Defendant in which the caller was a recorded voice or message, rather than a live representative.

23. In total, Plaintiff has received at least 1,053 calls from Defendant on Plaintiff's cellular telephone.

24. For example, Plaintiff was called 11 times between April 12, 2014 and April 19, 2014.

25. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

26. Further, Plaintiff clearly revoked any type of prior express consent, if prior express consent ever existed, by stating that Plaintiff no longer wished to be contacted by phone.

27. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

28. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

29. Each of these calls was an attempt to collect on a debt allegedly due and owing by Plaintiff.

30. The calls by Defendant to Plaintiff's cell phone continued, even after Plaintiff's oral revocation.

31. These calls were made by Defendant or Defendant' agent, with Defendant' permission, knowledge, control, and for Defendant' benefit.

32. As a result, the telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

33. Through Defendant's actions, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

34. Plaintiff was personally affected, becoming frustrated and distressed that, despite telling Defendant to stop calling Plaintiff's cellular phone, Defendant continued to harass Plaintiff with collection calls using an ATDS.

35. The unrelenting, repetitive calls disrupted Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's phone.

36. The calls placed by Defendant to Plaintiff were extremely intrusive, including Plaintiff's relationships with close family members. Specifically, Plaintiff began to ignore or send to voicemail many incoming calls from unknown numbers, out of frustration in dealing with Defendant' unwanted and intrusive calls. In doing so, Plaintiff missed important communications from friends and family.

## STANDING

37. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

   a. a valid injury in fact;

   b. which is traceable to the conduct of Defendant;

   c. and is likely to be redressed by a favorable judicial decision.

   See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560.*

38. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

   A. *The "Injury in Fact" Prong*

39. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.).*

40. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Plaintiff was called on Plaintiff's cellular phone by Defendant. Such calls are a nuisance, an invasion of privacy, and an

1   expense to Plaintiff.  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637,

2   638 (7th Cir. 2012).  All three of these injuries are concrete and *de facto*.

3   41.   For an injury to be "particularized" means that the injury must "affect the

4   plaintiff in a personal and individual way."  *Spokeo, Inc. v. Robins, 578 U.S.*

5   *___ (2016) at 7*.   It was plaintiff's personal privacy and peace that was

6   invaded by Defendant's persistent phone calls using an ATDS.  All of these

7   injuries are particularized and specific to plaintiff.

8

9   B.   *The "Traceable to the Conduct of Defendant" Prong*

10   42.   The second prong required to establish standing at the pleadings phase is that

11   Plaintiff must allege facts to show that Plaintiff's injury is traceable to the

12   conduct of Defendant(s).

13   43.   In the instant case, this prong is met simply by the fact that the calls to

14   plaintiff's cellular phone were placed either, by Defendant directly, or by

15   Defendant's agent at the direction of Defendant.

16

17   C.   *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion"*

18   *Prong*

19   44.   The third prong to establish standing at the pleadings phase requires Plaintiff

20   to allege facts to show that the injury is likely to be redressed by a favorable

21   judicial opinion.

22   45.   In the present case, Plaintiff's Prayers for Relief include a request for

23   damages for each call made by Defendant, as authorized by statute in 47

24   U.S.C. § 227.  The statutory damages were set by Congress and specifically

25   redress the financial damages suffered by Plaintiff.

26   46.   Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain

27   Defendant from the alleged abusive practices in the future.   The award of

28

1  monetary damages and the order for injunctive relief redress the injuries of
2  the past, and prevent further injury in the future.

3  47.  Because all standing requirements of Article III of the U.S. Constitution have
4  been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),* Plaintiff
5  has standing to sue Defendant on the stated claims.

### COUNT I
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

11  48.  Plaintiff repeats, re-alleges, and incorporates by reference, all other
12  paragraphs.

13  49.  The foregoing acts and omissions constitute numerous and multiple violations
14  of the TCPA, including but not limited to each and every one of the above-
15  cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

16  50.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq,
17  Plaintiff is entitled to an award of $500.00 in statutory damages, for each and
18  every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

### COUNT II
### KNOWING AND/OR WILLFUL OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

25  51.  Plaintiff repeats, re-alleges, and incorporates by reference, all other
26  paragraphs.

27  52.  The foregoing acts and omissions of Defendant constitute numerous and
28  multiple knowing and/or willful violations of the TCPA, including but not

1    limited to each and every one of the above-cited provisions of 47 U.S.C. §
2    227 et seq.

3    53.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §
4          227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to
5          $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B)
6          and 47 U.S.C. § 227(b)(3)(C).

7

8                                     **COUNT III**
9                                    **NEGLIGENCE**

10   54.   Plaintiff incorporates by reference all of the above paragraphs of this
11         Complaint as though fully stated herein.

12   55.   Defendant had a duty to use care to not infringe on consumers' privacy rights
13         when collecting on alleged debts and not calling Plaintiff hundreds and/or
14         thousands of times to harass and/or abuse Plaintiff.

15   56.   Defendant breached that duty by calling Plaintiff on Plaintiff' cellular
16         telephones a voluminous number of times, as discussed above, and continued
17         to call despite Plaintiff's request that the calls stop.

18   57.   Plaintiff was harmed and suffered injury as described above.

19   58.   The negligence of Defendant was a substantial and proximate factor in
20         causing Plaintiff this harm and injury described above.

21   59.   As said conduct was carried out by Defendant in an oppressive, malicious,
22         despicable, gross and wontonly negligent manner, said conduct demonstrates
23         Defendant' conscious disregard for the rights and safety of Plaintiff or their
24         family. As such Plaintiff is entitled to recover punitive damages from
25         Defendant in an amount according to proof at trial.

26

27                              **PRAYER FOR RELIEF**
28   WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and

Plaintiff be awarded damages from Defendant, as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Special, general, compensatory, and punitive damages; and
- Any and all other relief that this Court deems just and proper.

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 10, 2017

By:/s/ Joshua B. Swigart
    Joshua Swigart
    Attorneys for Plaintiff

Abbas Kazerounian, Esq.
California Bar No.: 249203
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Phone: (800) 400-6808
FAX: (800) 520-5523
ak@kazlg.com