O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD QUINONES, | ) Case No. 17-03526 DDP-PLAx )|
| Plaintiff, | ) **ORDER RE: DEFENDANT'S** ) **MOTION TO STAY** |
| v. | ) ) [Dkt. 18] |
| OCWEN LOAN SERVICING, LLC, | ) ) |
| Defendant. | ) ) |

Presently before the court is Defendant's Motion to Stay. Having considered the parties' submissions, the court adopts the following Order.

**I. BACKGROUND**

Plaintiff Richard Quinones ("Quinones") allegedly incurred debts from Defendant Ocwen Loan Servicing, LLC ("Ocwen"). (Second Amended Compl. ("SAC") ¶ 18.) Between April 4, 2011 and June 9, 2016, Ocwen called Quinones' cellphone using an automatic telephone dialing system ("ATDS") in attempts to collect the alleged debt. (*Id.* ¶ 19.) In total, Quinones received at least 1,053 calls. (*Id.* ¶ 23.)

Quinones alleges he did not provide express consent to receive calls from Ocwen. (*Id.* ¶ 26.) Furthermore, Quinones alleges he revoked any type of prior express consent, if it ever existed, by picking up the calls and stating on several occasions that he no longer wished to be contacted. (*Id.* ¶ 27.) Quinones states the calls continued for at least one year after the revocation. (*Id.* ¶ 28.) Based on these allegations, Plaintiff Quinones brought suit against Ocwen for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and common law negligence.

Ocwen now moves to stay the proceedings pending the decision of the D.C. Circuit in *ACA International v. FCC*, No. 15-1211.

**II. LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. *See id.* at 254–55.

In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). "[I]f there is even a fair possibility that the stay for which [the movant] prays will work

2

damage to someone else," then the movant "must make a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255. The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

**III. DISCUSSION**

Defendant contends that staying this action pending the resolution of the D.C. Circuit in *ACA International* will simplify the proceedings, including the scope of potential discovery, and promote judicial economy. Specifically, Defendant argues that the D.C. Circuit is poised to decide issues relevant to the present action. These issues include (1) whether the FCC's ruling on what equipment constitutes an automatic telephone dialing system ("ATDS") is overly broad because it includes any technology with the "potential capacity" to automatically dial telephone numbers, and (2) whether the FFC's ruling that consumers may revoke their consent by any reasonable means, whether verbal or written, was a reasonable exercise of its authority. (Def.'s Mot. at 2-3).

Quinones' SAC alleges that Defendant called his cellphone using an ATDS. (*Id*. ¶ 19.) An ATDS, or autodialer, is any "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. Section 227(a)(1). The TCPA prohibits non-emergency calls, or those made without "prior express consent," to cell phone numbers "using any [ATDS] or an artificial or prerecorded voice." *Id*. § 227(b)(1)(A).

Defendant claims that the D.C. Circuit's interpretation of "capacity" in the definition of an ATDS may limit or narrow the TCPA claim. Yet the precise issue before the D.C. Circuit is whether the TCPA covers calls that were made with equipment that has the "potential capacity," as opposed to the present capacity, to store or produce telephone numbers. It is unclear at this early stage in the litigation whether such a narrow distinction will prove pivotal to Plaintiff's case.

Similarly, the revocation of consent issue before the D.C. Circuit is conditionally relevant to the present case. It becomes relevant if Quinones conferred "prior express consent" for Defendant to call him. 47 U.S.C. § 227(b)(1)(A). The SAC, however, states

3

that Quinones never gave prior express consent, in addition to stating that Quinones requested several times that Defendant cease calling him. (*Id*. ¶¶ 26, 27.)

Therefore, at this juncture in the litigation, the court finds that Plaintiff's claims do not hinge on the issues before the D.C. Circuit in the *ACA* case.[1] Moreover, the court finds that, regardless of the *ACA* decision, the parties would still require discovery on the equipment used to dial Quinones' cell phone, and whether Quinones conferred prior express consent. As a result, it appears unlikely that any ruling in the *ACA* case will significantly reduce the discovery burdens in this case.

Finally, Quinones asserts that he will be prejudiced by a delay in the litigation. Inherent in a delay is the risk of prejudice to a party's ability to obtain documentary and testimonial evidence, as memories fade and witnesses are less likely to "recall specific facts." *Clinton*, 520 U.S. at 708. Because companies "naturally experience turnover in workforces during a stay, they may lose their ability to compel deposition and trial testimony from employees who leave the companies." *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009). In addition, certain discovery materials, including call logs and dialer information regarding the calls (made between 2011 and 2016), may be stored by third parties who are under no obligation to maintain this information.

The court finds that these reasons, on balance, outweigh the potential benefits of a stay pending the resolution of the *ACA* case. Thus, the court concludes that Ocwen has not carried its burden of showing that a stay is warranted by the "hardship or inequity" of going forward. *Landis*, 299 U.S. at 255.

**IV. CONCLUSION**

---

[1] In addition, although oral arguments in the *ACA* case concluded approximately one year ago, it is not clear whether the ruling will be retroactive, and it is not unlikely that the losing party will appeal the decision to the Supreme Court. *See Lathrop v. Uber Tech., Inc.*, 2016 WL 97511 at *4 (N.D. Cal. Jan. 8, 2016) ("[T]he D.C. Circuit is unlikely to be the final step in the litigation over the FFC's 2015 Omnibus Order.").

4

For the reasons stated above, Defendant's Motion to Stay is DENIED.

**IT IS SO ORDERED.**

Dated: October 16, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE