**TROUTMAN SANDERS LLP**
Jessica R. Lohr (Cal. Bar No. 302348)
jessica.lohr@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone:   858-509-6000
Facsimile:    858-509-6040

John C. Lynch (*admitted pro hac vice*)
john.lynch@troutman.com
Virginia Bell Flynn (*admitted pro hac vice*)
virginia.flynn@troutman.com
222 Central Park Avenue, Suite 2000
Virginia, Beach, VA 23462
Telephone:   757-687-7765
Facsimile:    757-687-7510

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Richard Quinones,<br><br>             Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC,<br><br>             Defendant. | Case No. 2:17-CV-03526-DDP-FFM<br><br>**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REPORT AND TESTIMONY OF PLAINTIFF'S EXPERT HANSEN**<br><br>Pretrial Conf.:     October 22, 2018<br>Hearing Date:     October 22, 2018<br>Hearing Time:     11:00 a.m.<br><br>Judge:     Dean D. Pregerson<br>Dept:     9C<br><br>Trial Date:     October 31, 2018 |

1

**TABLE OF CONTENTS**

2

**Page**

3   I.   ARGUMENT ...................................................................................... 1

4        A.   Legal Authority .................................................................... 1

5

6             1.   Mr. Hansen's Opinions Are Irrelevant Based on *ACA* and
                   Should be Excluded ...................................................... 3

7

8             2.   Mr. Hansen's Legal Conclusions Should Be Excluded ............ 7

9        B.   Terms of Order Sought ......................................................... 10

10   II.  CONCLUSION ................................................................................. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**                                                    **Page**

*ACA International v. FCC*,
  885 F.3d 687 (D.C. Cir. 2018) .................................................................*passim*

*Arjangrad v. JPMorgan Chase Bank, N.A.*,
  No. 10-CV-01157, 2012 WL 1890372 (D. Or. May 23, 2012) ...........................8

*Dominguez v. Yahoo*,
  894 F.3d 116 (3d Cir. June 26, 2018)..............................................................3, 4

*Dominguez v. Yahoo, Inc.*,
  2018 U.S. App. LEXIS 17436 (3d Cir. June 26, 2018) ...........................2, 3, 4, 5

*Gragg v. Orange Cab Co., Inc.*,
  995 F. Supp. 2d 1189 (W.D. Wash. 2014) ...........................................................3

*Keyes v. Ocwen Loan Servicing*,
  No. 1:17-cv-11492 (E.D. Mich. Aug. 16, 2018) .........................................*passim*

*Legg v. Voice Media Group, Inc.*,
  2014 U.S. Dist. LEXIS 61322 (S.D. Fla. May 2, 2014) .................................9, 10

*Marks v. Crunch San Diego, LLC*,
  No. 14-56834, 2018 U.S. App. LEXIS 26883 (9th Cir. Sep. 20,
  2018).......................................................................................................1, 4, 5, 6

*Marshall v. CBE Grp., Inc.*,
  No. 16-CV-02406, 2018 U.S. Dist. LEXIS 55223 (D. Nev. Mar. 30,
  2018).....................................................................................................................4

*McMillon v. Rash Curtis & Assocs.*,
  2018 U.S. Dist. LEXIS 101700 (N.D. Cal. June 18, 2018) ..................................5

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
  523 F.3d 1051 (9th Cir. 2008).........................................................................7, 8

*Reyes v. BCA Financial Services, Inc.*,
  2018 U.S. Dist. LEXIS 80690 (S.D. Fla. May 14, 2018) .....................................6

*Strauss v. CBE Grp., Inc.*,
  2016 U.S. Dist. LEXIS 65587 (S.D. Fla. March 23, 2016) ...................2, 8, 9, 10

TROUTMAN SANDERS
LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

1

## TABLE OF AUTHORITIES
### (continued)

**Cases**                                                                              **Page**

*United States v. Boulware*,
    558 F.3d 971 (9th Cir. 2009) .................................................................. 8

*Washington v. Six Continents Hotels, Inc.*,
    No. 2:16-CV-03719-ODW-JEM, 2018 U.S. Dist. LEXIS 145639
    (C.D. Cal. Aug. 24, 2018) ................................................................. 5, 6

**Statutes**

47 U.S.C. § 227 ............................................................................... 1, 7, 9

**Other Authorities**

Rule 702 ......................................................................................... 8

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN SANDERS
LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, respectfully moves the Court in limine for entry of an Order prohibiting any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses and expert witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, evidence regarding Plaintiff's purported expert Jeffrey Hansen.

## I.   ARGUMENT

### A.   Legal Authority

Ocwen seeks to exclude the testimony of Plaintiff's purported expert, Jeffrey Hansen, in support of her claim that Ocwen used an automatic telephone dialing system ("ATDS") to call her in violation of the Telephone Consumer Protection Act ("TCPA"). Mr. Hansen's opinions should be excluded because they are unreliable, irrelevant, and constitute inadmissible legal conclusions. In fact, the exact same opinions of Mr. Hansen's were just excluded a few weeks ago in *Keyes v. Ocwen Loan Servicing*, No. 1:17-cv-11492 (E.D. Mich. Aug. 16, 2018) (excluding identical expert opinions on Ocwen's Aspect system because they were impermissible legal conclusions and were unreliable).

Mr. Hansen's opinion that Ocwen's Aspect system is a "predictive dialer" is inadmissible because the D.C. Circuit's seminal decision in *ACA International v. FCC*,[1] renders Mr. Hansen's opinion irrelevant. Under *ACA*, a telephone system is an ATDS only if it falls within the statutory definition of an ATDS set forth in the TCPA.[2] Mr. Hansen freely admits that Ocwen does not use the Aspect system to generate random or sequential numbers, much less dial them. Moreover, according to Mr. Hansen, the Aspect system cannot generate random or sequential numbers

---

[1] 885 F.3d 687 (D.C. Cir. 2018).
[2] *See* 47 U.S.C. § 227(a)(1); *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *27 (9th Cir. Sep. 20, 2018) ("[W]e read § 227(a)(1) to provide that the term "automatic telephone dialing system" means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person).").

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S MIL TO RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM

unless the user adds a command to Aspect's operating system.  However, as found in *Keyes* and other cases, Ocwen cannot add such a command to the Aspect system because it does not have access to that code.  Further, as averred in Ocwen's Motion for Summary Judgment, the Aspect system does not store the phone numbers Ocwen representatives dial through it; instead, phone numbers are stored in the RealServicing software system which also determines the numbers subject to the relevant call campaign and generates said call campaign lists.  *See* Declaration of Crystal Kearse ("Kearse Decl."), Dkt No. 74-5, at ¶¶ 14-15; Declaration of Aaron Woolfson ("Woolfson Decl."), Dkt. No. 74-6 at ¶¶ 66, 71.  Therefore, Hansen's opinions are irrelevant to whether the Aspect system has the ***present capacity*** to generate random or sequential numbers, which is the determinative question after *ACA*.  This is exactly why the Third Circuit Court of Appeals recently affirmed the exclusion of the same opinions of Mr. Hansen that he seeks to offer in this case.[3]

Additionally, Mr. Hansen seeks to offer inadmissible legal conclusions.  There is no question that an opinion that the Aspect system is an ATDS would be an impermissible legal conclusion.[4]  Mr. Hansen unsuccessfully tries to avoid this predicament by claiming in his report that the Aspect system "has the characteristics of automatic telephone dialing systems as defined by TCPA and FCC."  There is no meaningful difference between this opinion and one explicitly stating that the Aspect system satisfies the requirements of an ATDS.  This is especially true given that Hansen still contends that all predictive dialers are ATDSs with no regard for whether the system has the actual capacity to generate random or sequential numbers and then dial those numbers. This is no longer the

---

[3] *See Dominguez v. Yahoo, Inc.*, 2018 U.S. App. LEXIS 17436 (3d Cir. June 26, 2018).  For these same reasons, Ocwen will move in limine to exclude any argument or evidence that its Aspect system is a predictive dialer.

[4] *See Keyes v. Ocwen Loan Servicing*, No. 1:17-cv-11492 (E.D. Mich. Aug. 16, 2018) (excluding identical expert report on Ocwen's Aspect system because it consisted of impermissible legal conclusions and also was formulated on unreliable methodology); *Strauss v. CBE Grp., Inc.*, 2016 U.S. Dist. LEXIS 65587, *6 (S.D. Fla. March 23, 2016) (excluding Hansen's opinions that the dialer system at issue "satisfies the requirements of an [ATDS]" as impermissible legal conclusions).

law based on *ACA*.  Mr. Hansen's opinions are nothing more than poorly disguised legal conclusions, which should be excluded from trial.

### 1.    Mr. Hansen's Opinions Are Irrelevant Based on *ACA* and Should be Excluded.

Mr. Hansen's opinions have been rendered irrelevant by the *ACA* decision. In *ACA*, the D.C. Circuit found that the FCC impermissibly broadened the definition of an ATDS beyond the statutory language in two important ways: (1) the FCC unreasonably interpreted the term "capacity" to include *all* of a device's *potential* functionalities, and (2) the FCC failed to adhere to the statute's requirement that the equipment in question must have the capacity to generate and dial random or sequential numbers.[5]  *See ACA*, 885 F.3d at 698.  Specifically, "the D.C. Circuit took issue with the fact that 'a straightforward reading of the [FCC's] ruling invites the conclusion that all smartphones are autodialers.'  This was so because, as the FCC had conceded, any ordinary smartphone could achieve autodialer functionality by simply downloading a random-number-generating app." *Dominguez v. Yahoo*, 894 F.3d 116, 119 (3d Cir. June 26, 2018).  Under *ACA*, the statutory language determines whether telephone equipment constitutes an ATDS.

The impact of *ACA* on Hansen's opinions is explained by the Third Circuit Court of Appeals in *Dominguez v. Yahoo*.  In *Yahoo*, the court explained that the "D.C. Circuit held that the FCC had exceeded its authority by interpreting the term 'capacity' to include any *latent* or *potential* capacity and described the FCC's approach as 'utterly unreasonable in the breadth of its regulatory [in]clusion.'"  *Id.* (quoting *ACA*, 885 F.3d at 697) (emphasis added).  Based on *ACA*, the Third Circuit held that the plaintiff could "no longer rely on his argument that the Email SMS Service had the latent or potential capacity to function as autodialer.  The only remaining question, then, is whether Dominguez provided evidence to show that

---

[5] "'Random number generation' means random sequences of 10 digits, and 'sequential number generation' means (for example) (111) 111-1111, (111) 111-1112, and so on."  *Gragg v. Orange Cab Co., Inc.*, 995 F. Supp. 2d 1189, 1193 (W.D. Wash. 2014).

TROUTMAN SANDERS LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

- 3 -

DEFENDANT'S MIL RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM

the Email SMS Service had the ***present capacity*** to function as autodialer." *Id*. (emphasis added).[6]

Dominguez offered the reports of four experts, including Mr. Hansen, to prove that Yahoo used an ATDS to message him.  The Third Circuit affirmed the exclusion of all of the reports, finding that none of them "help[ed] resolve the present capacity question." *Id*.  Regarding Mr. Hansen's opinions, the court stated that Mr. Hansen "[did] not use the term 'latent capacity' but present[ed] similar analysis" by "propos[ing] six computer code commands, which, Hansen asserts, could be written into Yahoo's operating system in order to generate wireless numbers randomly or sequentially." *Id*. The court found that "the addition of a short sequence of code to *any computer operating system* bears a striking similarity to the downloading of an app onto *any smartphone*—the modification that was at issue in *ACA International*." *Id*. at 120 n.23 (emphasis in original).  As a result, the court ruled that Mr. Hansen's report was "founded upon the exact type of hypothesizing that is foreclosed by *ACA International*.  The District Court was therefore correct to exclude the Krishnamurthy, Christensen, and Hansen Reports, as ***they are irrelevant to the present capacity inquiry***." *Id*. at *7 (emphasis added). *See also Marshall v. CBE Grp., Inc.*, No. 16-CV-02406, 2018 U.S. Dist. LEXIS 55223, at *17 (D. Nev. Mar. 30, 2018) (following *ACA* and refusing to consider expert testimony based on FCC's interpretation that an ATDS could include technology that dials from "a fixed set of numbers," rather than only systems that have the capacity to dial randomly or sequentially).

Mr. Hansen's opinions in this case present the same impermissible hypothesizing that was excluded in *Yahoo*.  Mr. Hansen admits that Ocwen's Aspect system does not presently generate random or sequential numbers, nor does

---

[6] While Plaintiff may attempt to rely on the decision in *Marks* in support of Mr. Hansen's testimony and report, it should be noted that Marks "decline[d to] reach the question whether the device needs to have the current capacity to perform the required functions or just the potential capacity to do so." *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *27 n.9 (9th Cir. Sep. 20, 2018).

Troutman Sanders LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

- 4 -

DEFENDANT'S MIL RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM

Ocwen use the system in that way.  Rather, Mr. Hansen claims that the system has the latent—not present—capacity to generate random or sequential numbers because code can be written into the system to allow it to do so.  *See* Hansen Report, ¶ 34; Hansen Dep. Tr., 108:23-109:7.  In fact, like in *Yahoo*, Mr. Hansen's report provides the code that could be used.  Mr. Hansen, however, does not (and cannot) claim that Ocwen ever wrote this code into its system or has any intention to do so.  Indeed, Mr. Hansen testified that he "would be very surprised if [Ocwen] called random numbers or sequential numbers."  Hansen Dep. Tr., 141:4-5.[7]  Notably, the *Keyes* court concluded that "to modify the Aspect System, Ocwen would need to alter the system's source code, and ***[Ocwen] does not have access to that code.***"  *Keyes* at 19 (emphasis added).

The Ninth Circuit recently issued an opinion confirming that D.C. Circuit in *ACA* "concluded that the parties' 2015 rulemaking petition to the FCC reopened consideration of the definition of ATDS established in the FCC's 2003 order, as well as its subsequent rulings."  *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *13-14 (9th Cir. Sep. 20, 2018).  Judge Wright of this Court also recently confirmed that "the decision in *ACA International* reaches previous orders filed by the FCC, and not just the 2015 order immediately at issue."  *Washington v. Six Continents Hotels, Inc.*, No. 2:16-CV-03719-ODW-JEM, 2018 U.S. Dist. LEXIS 145639, at *6 (C.D. Cal. Aug. 24, 2018).  Preliminarily, Judge Wright averred that the Central District of California, like other district courts, is bound by *ACA*.  *Id.* at *6 (holding that "the decision by the D.C. Circuit in this case has binding precedential effect nationwide.").  This ruling directly contradicts the decision in *McMillon v. Rash Curtis & Assocs.*, 2018 U.S. Dist. LEXIS 101700, at *7-8 (N.D. Cal. June 18, 2018) and other Hobbs Act arguments relied upon by Plaintiff.  *See also Marks*, 2018 U.S. App. LEXIS 26883, at *19 ("Because the D.C.

---

[7] Given that Ocwen is trying to contact its existing customers, it makes absolutely no sense for Ocwen to alter Aspect's source code (even assuming it could) to allow it to generate random or sequential numbers, store, and dial them.

TROUTMAN SANDERS LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

- 5 -

DEFENDANT'S MIL RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM

1    Circuit exercised its authority to set aside the FCC's interpretations of the definition

2    of an ATDS in the 2015 order… and any prior FCC rules that were reinstated by

3    the 2015 order…, we conclude that the FCC's prior orders on that issue are no

4    longer binding on us."). Moreover, Judge Wright further concluded that:

> By its plain language, the court in *ACA* did not set aside the 2015
> ruling, but rather "the Commission's treatment of [which functions
> qualify a device as an autodialer]." *ACA Int'l*, 885 F.3d. at 703.
> ***Indeed, the FCC's declaration from the 2003 ruling (and affirmed
> in the 2008 and 2015 rulings), that a predictive dialer is an ATDS is
> what the D.C. Circuit found inconsistent with the FCC's other
> definitions of an ATDS.*** Eliminating the 2015 ruling would do
> nothing to remedy the lack of clarity the D.C. Circuit found at issue.
> As the court in *ACA* did not set aside a ruling, but rather the FCC's
> treatment of the definition of an autodialer, this treatment was set
> aside from all previous FCC rulings. *See id*. In short, beginning with
> its 2003 ruling that a predictive dialer qualified as an autodialer, the
> FCC has espoused competing definitions of the qualities an autodialer
> must possess. ***It was the clear intention of the D.C. Circuit to set
> aside all such competing definitions until the FCC choses to clearly
> establish that the "must be able to generate and dial random or
> sequential numbers" standard is no longer a requirement for a
> device to be considered an ATDS***.
>
> In conclusion, the Court finds that the D.C. Circuit's decision reached
> all of the aspects of FCC rulings which allowed for "potential
> capacity" to generate random or sequential numbers ***and which
> established a predictive dialer as an ATDS***.

21   *Id.* at *8-9 (emphasis added) (expressly disagreeing with plaintiff's reliance on

22   *Reyes v. BCA Financial Services, Inc.*, 2018 U.S. Dist. LEXIS 80690 (S.D. Fla.

23   May 14, 2018)).  Ultimately, the decision in *Washington* confirms that Hansen's

24   reliance on the FCC's guidance that a predictive dialer is an ATDS—even though it

25   cannot generate random or sequential numbers—is simply wrong following *ACA*.

26        After *ACA*, a plaintiff must show that the telephone system has the present

27   capacity—not some potential or latent capacity—to generate random or sequential

28   numbers.   Mr. Hansen's opinions do not bear on that determinative question.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 6 -

DEFENDANT'S MIL RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM

Rather, as found by the Third Circuit, Mr. Hansen's opinions deal with the very latent capacity issues that the D.C. Circuit specifically rejected in *ACA*. Accordingly, the opinions are irrelevant and thus inadmissible.

### 2. Mr. Hansen's Legal Conclusions Should Be Excluded.

Even if Mr. Hansen's opinions were relevant to the issues in this case, they still constitute inadmissible legal conclusions.

A threshold element of Plaintiff's TCPA claim is that Ocwen called Plaintiff's cellular telephone using an ATDS. The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In his report, Hansen makes numerous legal conclusions that Ocwen's system is an ATDS, including:

- "[T]he dialer has the characteristics of an ATDS, as it relates to predictive dialers, as clarified in the FCC 2003 Order";
- "[I]n my expert opinion, the below dialing system that is discussed in detail has the characteristics of an 'automated telephone dialing system' ("ATDS") as defined by the TCPA";
- "[I]n my expert opinion, the dialing system . . . has the characteristics of an ATDS as contemplated by the TCPA and clarified by the FCC"; and
- [T]he calls placed by Ocwen to Plaintiff using the dialer described in detail above were made using a predictive dialer that has the characteristics of an automatic telephone dialing systems [sic] as defined by the TCPA and FCC.

*See* Hansen Report, ¶¶ 20, 22, 25, 38. Indeed, in his deposition, Mr. Hansen explained that "predictive dialers are a subset of ATDSs." Hansen Dep. Tr., 131:6-8.

These exact same legal conclusions—by Hansen and regarding Ocwen's Aspect system—were excluded in *Keyes* as "impermissibly constructed legal standards and made legal conclusions." *Keyes* at 13. Indeed, it is well settled that an expert may not offer legal conclusions. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an

opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law"). This is because "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Id.*  Accordingly, "expert testimony that consists of legal conclusions is unhelpful and inadmissible." *Arjangrad v. JPMorgan Chase Bank, N.A.*, No. 10-CV-01157, 2012 WL 1890372, at *7 (D. Or. May 23, 2012) (citing *United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009)).  In this case, Mr. Hansen's assertions that the Aspect system is a predictive dialer is exactly the type of legal conclusion Rule 702 seeks to limit as explained by *Keyes*.

Courts regularly hold that experts, including Mr. Hansen, may not offer an opinion that a telephone dialing system is an ATDS—exactly what Hansen is attempting to do here.  In *Keyes,* the plaintiff, represented by the same counsel as Plaintiff in this case, proffered Mr. Hansen as an expert regarding the very same Aspect system at issue in this case.  Mr. Hansen's report in *Keyes* and his report in this case are ***identical*** save the respective plaintiffs' names and bates labels.  *Keyes* held that

> Hansen has not only defined the governing legal standard by providing an extensive history and explanation of what constitutes an ATDS under the TCPA and the Commission's guidance, but he has also impermissibly applied that standard to the facts of this case by concluding that Ocwen's Aspect System is an "ATDS as contemplated by the TCPA and clarified by the FCC[.]"

*Id*. at 12-13.  Because Hansen seeks to offer the very same opinions in this case, there can be no doubt that he "impermissibly applied that [legal] standard to the facts of this case by concluding that Ocwen's Aspect System is an ATDS." *Id.* (internal quotations omitted).[8]

In *Strauss v. CBE Grp., Inc.*, 2016 U.S. Dist. LEXIS 65587 (S.D. Fla. March 23, 2016), plaintiff also retained Mr. Hansen as an expert witness, who provided a

---

[8] The *Keyes* court also concluded that Mr. Hansen's report "lack[ed] a proper factual basis because he has merely reviewed manuals and run tests on his computer, and he has not inspected the actual Aspect System which Ocwen uses to make calls." *Keyes* at 8.  "As a result," the court concluded "Hansen's report is 'unsupported speculation' and a 'mere guess' regarding how Ocwen uses the Aspect System." *Id*. at 11.  As Mr. Hansen's report and testimony in this case is based on an identical premise, the same result is warranted here.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 8 -

DEFENDANT'S MIL RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM

written report opining that the defendant used an ATDS and that the equipment used to call the plaintiff satisfied the statutory definition of an ATDS.  In virtually identical fashion to the report submitted in the instant case, Hansen's report in *Strauss* stated, among other things:

- [I]n my expert opinion, [the Noble Systems Predictive Dialer] satisfies the requirements of an "automatic telephone dialing system" ("ATDS") as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA");
- I am of the opinion that Defendant used an Automatic Telephone Dialing System to place telephone calls to Plaintiff, or more specifically, that the characteristics of the telephone dialing system described above meet the definition of equipment that has the capacity to store or produce numbers to be called, using a random or sequential number generator, and the capacity to call such numbers;
- [I]n my expert opinion, the dialing system (as outlined above) constitute an ATDS as contemplated by the TCPA and clarified by the FCC; and
- [I]t is also my expert opinion that all of the calls, at issue, made to Plaintiff in this case were made using an automatic telephone dialing system.

*Strauss*, 2016 WL 2641965, at *2.  The court concluded that these statements constituted improper legal conclusions.  *Id.*  Reasoning that "Hansen may not offer a conclusion as to the legal definition of an ATDS, or the legal implications of using a predictive dialer," the court excluded those portions of Hansen's report "stating that the [defendant] used an ATDS and that the equipment used to call the Plaintiff fits within the statutory definition of an ATDS."  *Id.*

In *Legg v. Voice Media Group, Inc.*, 2014 U.S. Dist. LEXIS 61322 (S.D. Fla. May 2, 2014), another purported TCPA expert sought to opine that the systems that the defendant used "satisfy the TCPA's definition of an automatic telephone dialing system."  *Id.* at *12.  The court explained that "[i]mplicit within this testimony is Snyder's conclusion as to the legal definition of an automatic telephone dialing system.  An expert witness, however, may not offer legal conclusions; only the Court may instruct the jury as to the state of the law."  *Id.* at *11-12.  As a result,

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 9 -

DEFENDANT'S MIL RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM

1  the court excluded the expert's opinion because he "may not offer a conclusion as

2  to the legal definition of an automatic telephone dialing system, or the legal

3  implications of VMG's systems in relation to that definition." *Id*. at *12.

4      In the instant case, Mr. Hansen offers essentially the same legal conclusions

5  that were excluded in *Keyes*, *Strauss,* and *Legg*.  He is offering legal conclusions,

6  both as to his assertion that the Aspect system is an ATDS and his assertion that it

7  has the characteristics of an ATDS.  For the same reasons, this Court should

8  exclude Hansen's opinions that the Aspect system constitutes a predictive dialer,

9  that the Aspect system is an ATDS or a system that has the characteristics of an

10  ATDS, and/or any opinions concerning the legal implications of using a predicative

11  dialer.

12      **B.     Terms of Order Sought**

13      Ocwen will move the Court to exclude the testimony and opinions of Jeffrey

14  A. Hansen from trial.

15  **II.    CONCLUSION**

16      Given the foregoing, any and all evidence, argument, and testimony offered

17  by Plaintiff's expert Jeffrey A. Hansen must be excluded at trial.

18

19  Dated: October 1, 2018          **TROUTMAN SANDERS LLP**

20

21                      By:  */s/ John C. Lynch*

22                          John C. Lynch
                            Jessica R. Lohr
23                          Virginia B. Flynn

24                          *Attorneys for Defendant*

25

26

27

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 10 -                    DEFENDANT'S MIL RE EXPERT HANSEN
                         CASE NO: 2:17-CV-03526-DDP-FFM

1

## <u>CERTIFICATE OF CM/ECF SERVICE</u>

2         The undersigned hereby certifies that a true and correct copy of the above

3    and foregoing document has been served on October 1, 2018, to all counsel of

4    record who are deemed to have consented to electronic service via the Court's

5    CM/ECF system. Any counsel of record who have not consented to electronic

6    service through the Court's CM/ECF system will be served by electronic mail, first

7    class mail, facsimile and/or overnight delivery.

8

9                                         */s/ John C. Lynch*
                                          John C. Lynch
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

36231320
36231320

- 11 -

DEFENDANT'S MIL RE EXPERT HANSEN
CASE NO: 2:17-CV-03526-DDP-FFM