**TROUTMAN SANDERS LLP**
Jessica R. Lohr (Cal. Bar No. 302348)
jessica.lohr@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone:  858-509-6000
Facsimile:   858-509-6040

John C. Lynch (*admitted pro hac vice*)
john.lynch@troutman.com
Virginia Bell Flynn (*admitted pro hac vice*)
virginia.flynn@troutman.com
222 Central Park Avenue, Suite 2000
Virginia, Beach, VA 23462
Telephone:  757-687-7765
Facsimile:   757-687-7510

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Richard Quinones,<br><br>           Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC,<br><br>           Defendant. | Case No. 2:17-CV-03526-DDP-FFM<br><br>**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING EMOTIONAL DISTRESS**<br><br>Pretrial Conf.:   October 22, 2018<br>Hearing Date:   October 22, 2018<br>Hearing Time:   11:00 a.m.<br><br>Judge:   Dean D. Pregerson<br>Dept:    9C<br><br>Trial Date:   October 31, 2018 |

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

DEFENDANT'S MIL RE
EMOTIONAL DISTRESS
CASE NO: 2:17-CV-03526-DDP-FFM

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, respectfully moves the Court in limine for entry of an Order prohibiting any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses and expert witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, evidence regarding Plaintiff's alleged "emotional distress," including, damages of any kind relating to Plaintiff's alleged "emotional distress".

I. **ARGUMENT**

    A. **Legal Authority**

Plaintiff should be precluded from introducing evidence relating to any purported emotional distress she claims to have suffered as a result of Ocwen's alleged conduct. Emotional distress damages are recoverable in cases "involving either physical impact and injury to plaintiff or intentional wrongdoing by defendant." *Branch v. Homefed Bank*, 6 Cal. App. 4th 793, 799-801 (1992); *Lee v. Bank of America*, 218 Cal. App. 3d 914, 920-21 (1990). This case does not involve any physical impact and injury to Plaintiff, and Plaintiff's negligence claim does not involve intentional conduct.

*Branch* acknowledges there are exceptions to this rule and a court may permit recovery of emotional distress damages absent impact or physical injury, where the "negligence is of a type which will cause highly unusual as well as predictable emotional distress." *Id.* at 800. Cases where California courts have allowed plaintiffs to recovery for emotional distress relating to negligence are limited to acts of the tortfeasor that were "outrageous and reprehensible." *Christensen v. Superior Court*, 54 Cal. 3d 868, 820 P.2d 181 (1991). For example, a doctor misdiagnosing a plaintiff's wife with syphilis, *see Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916, 930–31, 616 P.2d 813 (1980), a hired therapist sexually molesting a plaintiff's sons, *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.,* 48 Cal.3d 583, 591 (1989), a school board failing to notify a

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 2 -

DEFENDANT'S MIL RE
EMOTIONAL DISTRESS
CASE NO: 2:17-CV-03526-DDP-FFM

plaintiff that her daughter was sexually molested by a fellow student, *Phyllis P. v. Superior Court*, 183 Cal.App.3d 1193, 1197–98, 228 Cal.Rptr. 776 (1986), a crematorium mishandling the remains of plaintiffs' close relative, *Christensen*, 54 Cal.3d at 894–896, and a company's unlawful disposal of toxic waste which caused plaintiff to develop a fear of cancer after ingesting contaminated water, *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 985, 863 P.2d 795 (1993). These "outrageous and reprehensible" acts are not at all analogous to Ocwen's alleged conduct, *i.e.*, Ocwen's attempts to contact Plaintiff regarding her mortgage.

Even if emotional distress damages were available under Plaintiff's negligence claim, she provided no evidence in discovery that she suffered severe or serious emotional distress, which is necessary for recovery. *See Wong v. Jing* 189 Cal.App.4th 1354, 1376 (2010) (holding that plaintiff must show that emotional distress was serious in order to recover such damages). "[S]erious mental distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Id.* at 1377-78 (internal quotations and citations omitted). Plaintiff's discovery responses claim that she suffered "mental anguish marked by stress, anxiety, and sleeplessness", which caused "stomach issues." This purported emotional distress is not so serious that a reasonable person would be unable to cope with it.

In sum, Plaintiff has not and cannot establish that she is able to recover for emotional distress, and therefore should be precluded from offering mention or purported evidence of the same as it would be highly prejudicial and irrelevant. Fed. R. Evid. 401, 403.

### B. Terms of Order Sought

Ocwen will move the Court to preclude any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses and expert witnesses, in documentary evidence and exhibits, in closing arguments or in any

Troutman Sanders LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

- 3 -

DEFENDANT'S MIL RE EMOTIONAL DISTRESS
CASE NO: 2:17-CV-03526-DDP-FFM

other manner before the jury, evidence that Plaintiff suffered emotional distress as a result of Ocwen's alleged conduct.

## II. CONCLUSION

Given the foregoing, any mention of or reference to, by any party herein, in opening statements, in the questioning of witnesses and expert witnesses, in documentary evidence and exhibits, in closing arguments or in any other manner before the jury, evidence that Plaintiff suffered emotional distress as a result of Ocwen's alleged conduct must be excluded at trial.

Dated: October 1, 2018         **TROUTMAN SANDERS LLP**

                               By:  /s/ *John C. Lynch*
                                    John C. Lynch
                                    Jessica R. Lohr
                                    Virginia B. Flynn

                                    *Attorneys for Defendant*

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 4 -

DEFENDANT'S MIL RE
EMOTIONAL DISTRESS
CASE NO: 2:17-CV-03526-DDP-FFM

# CERTIFICATE OF CM/ECF SERVICE

1
2   The undersigned hereby certifies that a true and correct copy of the above
3   and foregoing document has been served on October 1, 2018, to all counsel of
4   record who are deemed to have consented to electronic service via the Court's
5   CM/ECF system. Any counsel of record who have not consented to electronic
6   service through the Court's CM/ECF system will be served by electronic mail, first
7   class mail, facsimile and/or overnight delivery.

*/s/ John C. Lynch*
John C. Lynch

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

36231326

DEFENDANT'S MIL RE
EMOTIONAL DISTRESS
CASE NO: 2:17-CV-03526-DDP-FFM